William Kasten, Jr., Appellant, v. John Brinkman, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of Washington county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

## Statement of the Case.

Action by William Kasten, Jr., plaintiff, against John Brinkman, defendant, to recover damages for the obstruction of the natural flow of water from plaintiff's field over defendant's field, due to the construction of an embankment. From a judgment for defendant, plaintiff appeals.

O. G. MAXWELL and J. A. WATTS, for appellant.

H. H. HOUSE and J. J. BUNDY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 126*—*when abstract instruction properly refused.* An instruction which properly lays down an abstract proposition of law without applying it to the case is properly refused.

2. WATERS AND WATER COURSES, § 32*—*when instruction on damages in action by dominant tenement owner for damages due to obstruction of flow of water is erroneous.* In an action by the dominant owner to recover damages from an adjoining owner of land for causing water to flow back on plaintiff's land and injure his crops and land, due to the construction of an embankment, where plaintiff complained of the giving of an instruction which required

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of plaintiff, as a prerequisite to his right to recover, that he prove by a preponderance of the evidence that he had been damaged and that the damage had been occasioned by the unlawful act of the defendant, *held* that plaintiff did not have to prove actual damages to entitle him to a recovery, and that the court erred in giving such instruction.

3. WATERS AND WATER COURSES, § 31*—*when instructions on rights of owner of dominant tenement are inapplicable to issues.* In an action by the dominant owner to recover damages from the defendant, who was the servient owner, for causing water to flow back on plaintiff's land, due to the construction of an embankment, where plaintiff complained of the giving of three instructions for the defendant which stated the law applicable to the owner of the dominant estate, *held* that, although such instructions in a measure stated the law applicable to the owner of the dominant estate correctly, they were misleading and not applicable to the issues, as the defendant, for whom they were given, was the owner of the servient estate; the rights of the servient owner being wholly different from those of the dominant estate.

4. WATERS AND WATER COURSES, § 8*—*what are rights of owner of upper field as to discharge of water upon lower field.* The owner of an upper field has a natural easement to have the water that falls upon his own land flow off the same upon the field below, which is charged with a corresponding servitude in the nature of dominant and servient tenements.

5. WATERS AND WATER COURSES, § 32*—*when nominal damages are recoverable for obstruction of natural flow of water.* If the natural flow of water from the land of an owner is obstructed by the erection of an embankment by an adjoining owner, the owner whose land is obstructed may sue for damages and may recover at least nominal damages, even though the embankment is constructed on the land of the wrongdoer, and although such owner whose land is obstructed may not have suffered actual damage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.